Amy L. Bennecoff (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: 215-540-8888
Facsimile: 215-540-8817
abennecoff@creditlaw.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE RHEA, | Case No.: **'13CV0801 JLS RBB** |
| Plaintiff, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| v. | |
| NEUHEISEL LAW FIRM, P.C., | **(Unlawful Debt Collection Practices)** |
| Defendant. | |

## COMPLAINT

MICHELLE RHEA ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against NEUHEISEL LAW FIRM, P.C. ("Neuheisel" or "Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, cal. Civ. Code §1788, *et. seq.* ("RFDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. This court has supplemental jurisdiction over Plaintiff's State Common Law claims pursuant to 28 U.S.C. §1367(a).

4. Defendant is located in and conducts business in the State of California and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. §§1391(b)(1) and (b)(2).

## PARTIES

6. Plaintiff is a natural person residing in La Mesa, California 91941.

7. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal. Civ. Code §1788.2(h).

8. Defendant Neuheisel is a corporation specializing in debt collection with its principal place of business located at 2277 Fair Oaks Blvd, Suite 305A, Sacramento, CA 95825.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6), and RFDCPA, Cal. Civ. Code §1788.2(c).

10. Defendant acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10. At all relevant times, Defendant was acting to collect an alleged consumer debt from Plaintiff as the term is defined by the FDCPA at 15 U.S.C. § 1692a(5) and the RFDCPA at Cal. Civ. Code §1788.2(f).

11. The alleged debt at issue derives from a Bank of America credit card, and arose out of transactions which were primarily for personal, family, or household purposes.

12. Plaintiff has at all times disputed owing the alleged debt, and has advised Defendant's representatives that she disputes owing this debt.

13. Beginning in or around March 2012 and continuing through August 2012, Defendant's representatives placed repeated harassing telephone calls to Plaintiff on a near daily basis, attempting to collect this alleged debt from Plaintiff.

14. Plaintiff has at times received up to three calls a day from Defendant.

15. During these calls, Defendant's representatives stated that they were calling regarding an "urgent matter," when in fact no exigent circumstances existed for the call.

16. Defendant claimed the call to be related to an "urgent matter" to falsely convey a sense of importance relating to the call that it did not have, either

subjectively as it related to Plaintiff, or objectively when viewed in terms of then existing circumstances.

17. Defendant's collectors further threatened that "bad things" would happen if the alleged debt was not paid by Plaintiff.

18. Defendant's threat of "bad things" was incorporated into the call it is believed, as an attempt to place Plaintiff in a state of fear and apprehension of physical, emotional and financial harm, such that it would be responded to in the way Defendant desired, that is, the payment of the alleged debt.

19. There was no lawful purpose for the conduct utterances referred to in paragraphs 15 and 17.

20. Defendant's words were carefully chosen to maximize the harm to Plaintiff, in hopes of placing her in fear of the consequences of noncompliance with Defendant's wishes. Such conduct was engaged in with evil motive and without lawful purpose.

21. Defendant's actions as described herein were made with the intent to harass, intimidate, abuse, deceive, upset and coerce payment from Plaintiff.

22. Upon information and belief, Plaintiff does not even owe the debt Defendant was seeking to collect.

## COUNT I
## DEFENDANT VIOLATED 1692d OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

23. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt.

24. Defendant violated §1692d of the FDCPA when it harassed the Plaintiff by often calling the Plaintiff multiple times in a given day, by speaking to her in an abusive, ominous manner and telling her that bad things will happen to her and that she needed to call Defendant regarding an "urgent matter," and when it engaged in other harassing or abusive conduct.

## COUNT II
## DEFENDANT VIOLATED §1692d(5) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

25. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

26. Defendant violated section 1692d(5) of the FDCPA when it caused Plaintiff's telephone to ring repeatedly and continuously with the intent to harass or annoy Plaintiff.

## COUNT III
## DEFENDANT VIOLATED §1692d(6) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

27. Section 1692d(6) of the FDCPA prohibits debt collectors from placing telephone calls without meaningful disclosure of the caller's identity.

28. Defendant violated §1692d(6) of the FDCPA when it called Plaintiff without properly identifying themselves.

## COUNT IV
## DEFENDANT VIOLATED § 1692e OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

29. Section 1692e of the FDCPA prohibits debt collectors from using false, deceptive or misleading representation or means in connection with the collection of any debt.

30. Defendant violated § 1692e of the FDCPA, when its collectors failed to identify themselves during many calls to the Plaintiff; when they failed to advise Plaintiff that if she notifies the collector in writing within 30 days that she disputes the debt, that the collector will obtain verification of the debt or a copy of the judgment will be mailed to her; in their attempts to convince the Plaintiff that she owes a debt that she does not think she owes, and when it engaged in other misleading or deceptive behavior.

## COUNT V
## DEFENDANT VIOLATED §1692e(2)(A) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

31. Section 1692e(2)(A) of the FDCPA prohibits debt collectors from falsely representing the character, amount, or legal status of any debt.

32. Defendant violated §1692e(2)(A) when it attempted to collect a debt that Defendant knew Plaintiff disputed that she owed, and a debt that Plaintiff maintained that she did not owe at all.

## COUNT VI
## DEFENDANT VIOLATED §1692e(5) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

33. Section 1692e(5) of the FDCPA prohibits debt collectors from making any threats to take any action that are not intended to be taken.

34. Defendant violated §1692e(5) when it threatened to bring a lawsuit against the Plaintiff when it did not intend to bring such a suit against Plaintiff.

## COUNT VII
## DEFENDANT VIOLATED 1692e(10) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

35. Section 1692e(10) of the FDCPA prohibits debt collectors from using false representations or deceptive means to collect a debt or to obtain information from a consumer.

36. Defendant used false or deceptive means, in violation of 15 U.S.C. §1692e(10), when its collectors would not identify itself during its many calls to

Plaintiff; when it attempted to collect a debt that it knew Plaintiff disputed, but yet they still tried to coerce payment from her; when it threatened to take legal action it did not intend to take; when it told Plaintiff that this disputed debt was an "urgent matter," and when it made other false, deceptive or misleading representations.

## COUNT VIII
## DEFENDANT VIOLATED 1692f OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

37. Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect an alleged debt.

38. Defendant violated § 1692f of the FDCPA when it engaged in unfair conduct by calling Plaintiff as much as three times per day from March 2012 until on or about August 9, 2012, by not identifying themselves on many phone calls, by attempting to collect a debt Defendant knew Plaintiff disputed, by threatening Plaintiff with a lawsuit and telling her this disputed debt was an "urgent matter," and when it engaged in other unfair and unconscionable conduct.

## COUNT IX
## DEFENDANT VIOLATED THE
## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

39. In its actions to collect a disputed debt, Defendants violated the RFDCPA in one or more of the following ways:

   a. Defendants violated Cal. Civ. Code §1788.17, which mandates that

every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j of the FDCPA inclusive.

WHEREFORE, Plaintiff, MICHELLE RHEA, respectfully prays for a judgment as follows:

    a. Actual Damages;

    b. Statutory damages;

    c. Reasonable attorney's fees and costs;

    d. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, MICHELLE RHEA, demands a jury trial in this case.

                            RESPECTFULLY SUBMITTED,

DATED: April 4, 2013           KIMMEL & SILVERMAN, P.C..

                            By: /s/ Amy L. Bennecoff
                                Amy L. Bennecoff (275805)
                                Kimmel & Silverman, P.C
                                30 East Butler Pike
                                Ambler, PA 19002
                                Telephone: (215) 540-8888
                                Facsimile (215) 540-8817
                                Email: abennecoff@creditlaw.com
                                Attorney for Plaintiff